*Electronically Filed*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# At COVINGTON

Case No. _____

**ANDREW TUCKER**                                                                                            **PLAINTIFF**

**v.**

**KBY ENTERPRISES, INC.,**                                                                              **DEFENDANTS**
**and**
**TERRY DAWSON**

**\* \* \***

## NOTICE OF REMOVAL

For their Notice of Removal of this action from the Bracken Circuit Court, Brooksville, Kentucky, to the United States District Court for the Eastern District of Kentucky, Northern Division at Covington, Defendants, KBT Enterprises, Inc. ("KBT"), and Terry Dawson ("Dawson") (collectively "Defendants"), by counsel, state as follows:

1. On or about February 9, 2021, Plaintiff, Andrew Tucker ("Plaintiff"), filed a Complaint in Bracken Circuit Court, Brooksville, Bracken County, Kentucky, No. 21-CI-00014, naming Defendants therein ("the Civil Action"). Copies of all process and pleadings in the Civil Action are attached hereto as <u>Exhibit A</u> in accordance with 28 U.S.C. §1446(a).

2. In his Complaint, Plaintiff avers his citizenship and residence to be in Kentucky (more specifically in Brooksville, Kentucky, which is in Bracken County, Kentucky, where the Civil Action is pending). *See* Complaint, ¶ 1, at p. 1.

3.     In said Complaint, Plaintiff also avers that Defendant KBT is and was at all times relevant to his suit an Indiana corporation with a principal place of business being in the State of Indiana (more specifically in Fishers, Hamilton County, Indiana).  *See* Complaint, ¶ 2, at p. 1.  This allegation is correct.

4.     In the same Complaint, Plaintiff further avers that Defendant Dawson is and was at all times relevant to his suit a citizen and resident of the State of Indiana (more specifically in Indianapolis, Marion County, Indiana).  *See* Complaint, ¶ 3, at pp. 1-2.  This allegation is correct.

5.     This action is one Defendants may remove to this Court pursuant to the provisions of 28 U.S.C. §1441(a) because this action is between citizens or residents of different states, and because "complete diversity" exists.

6.     Consistent with Kentucky practice and procedural rules, Plaintiff's Complaint in the Civil Action did not state a specific amount as being the total in controversy between the parties. Nevertheless, in a recent formal demand letter from Plaintiff's counsel, it has been articulated and represented by counsel of record for Plaintiff in the Civil Action that Plaintiff is seeking damages <u>in excess of $75,000</u>, exclusive of interest and costs.

7.     This Notice of Removal is being filed in a timely manner, within thirty (30) days of receipt by Defendants, through service or otherwise, of a copy of Plaintiff's Complaint, consistent with the provisions 28 U.S.C. § 1446(b)(1).

8.     All Defendants named herein consent to the removal of this action, consistent with the provisions of 28 U.S.C. § 1446(b)(2)(A).

9.     Promptly after filing the instant Notice of Removal, Defendants will file with the Clerk of the Bracken Circuit Court, Brooksville, Kentucky, a Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached, and will also make certain a copy of

this particular Notice of Removal is duly served, by regular U.S. Mail, postage prepaid, on Plaintiff via his attorneys who have appeared for Plaintiff in the Civil Action below.

**WHEREFORE,** Defendants, KBT Enterprises, Inc., and Terry Dawson, by counsel, respectfully request this Court to recognize and acknowledge the appropriateness of this removal pursuant to the controlling provisions of 28 U.S.C. § 1446, 28 U.S.C. § 1441, and 28 U.S.C. § 1332.

Respectfully submitted,

/s/ Eric M. Jensen
Eric M. Jensen
KOPKA PINKUS DOLIN PC
462 South Fourth Street, Suite 101
Louisville, KY  40202
P:  502.785.2818
F:  502-785-2812
emjensen@kopkalaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Notice of Removal, along with attachments and the required Civil Cover Sheet, was on this 18th day of March, 2021, electronically filed with the Court's CM/ECF e-filing system, which will provide e-notice to all those entitled to same. I also hereby certify that a true and accurate copy of this Notice of Removal, along with attachments and the required Civil Cover Sheet, was this same 18th day of March, 2021, served by regular U.S. Mail, postage prepaid, as well as by email, upon Gregory M. Erpenbeck, William J. Kathman, Jr., *Counsel for Plaintiff,* BUSALD FUNK ZEVELY PSC, 226 Main Street, Florence, KY 41042, Matt Sanning, *Counsel for Plaintiff,* SANNING & SANNING, 224 Main Street, Augusta, KY 41006, and Gwen A. Pollard, *Counsel for Plaintiff,* P.O. Box 344, Falmouth, KY 41040.

/s/ Eric M. Jensen
*Counsel for Defendants*