# Exhibit 1

**COMMONWEALTH OF KENTUCKY**
**BRACKEN CIRCUIT COURT**
**CASE NO. _____**

| | | |
|---|---|---|
| **ANDREW TUCKER** | ) | |
| 132 Hackett Ridge Road | ) | |
| Brooksville, KY 41004 | ) | |
| | ) | |
| **Plaintiff** | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | |
| | ) | |
| **TERRY DAWSON** | ) | |
| 6922 W. 16th Street | ) | |
| Indianapolis, IN 46038 | ) | |
| | ) | |
| Serve: Secretary of State pursuant to | ) | |
| KRS 188.030 & KRS 454.210 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **KBT ENTERPRISES, INC.** | ) | |
| 122 Shadowlawn Drive | ) | |
| Fishers, IN 46038 | ) | |
| | ) | |
| Serve: Registered Agent | ) | |
| Eric M. Douthit | ) | |
| 2 North 9th Street | ) | |
| Nobelsville, IN 46060 | ) | |
| Pursuant to KRS 454.210 | ) | |
| | ) | |
| **Defendants** | ) | |

Comes now the Plaintiff, ANDREW TUCKER by and through counsel and for his causes of action against Defendants Terry L. Dawson and K B T Enterprises, Inc. states as follows:

1. At all times relevant hereto, Plaintiff Andrew Tucker (hereinafter "Tucker") was a citizen and resident of Brooksville, Bracken County, Kentucky.

2. At all times relevant hereto, Defendant, K B T Enterprises, Inc. (hereinafter "KBT") was and remains registered with the Federal Motor Carrier Safety Administration with a USDOT number of 00607622 and is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in Fishers, Indiana thereby making it a citizen of Indiana.

3. At all times relevant hereto, Defendant, Terry L. Dawson (hereinafter "Dawson"), was a

1

citizen of Indianapolis, Marion County, Indiana.

4. At all times relevant hereto, Defendant Dawson was the employee, agent, servant, and/or statutory employee for Defendant KBT operating for the benefit of, in furtherance of the interests of and/or within the course and scope of his employment with Defendant KBT. Accordingly, Defendant KBT is vicariously liable for the acts of Defendant Dawson.

5. Jurisdiction and venue are proper as the events giving rise to this cause of action occurred in Bracken County, Kentucky.

6. This action is timely filed as it is within two (2) years from the date of the crash

7. The claims against these Defendants exceed the jurisdictional amount required by this Court.

8. On October 28, 2019, Defendant Dawson was operating a 2015 Kenworth T800 tanker trailer on Iler Road in Foster, Bracken County, Kentucky approaching the intersection with AA Highway. Upon information and belief, the tractor and trailer were owned by and/or being operated on behalf of Defendant KBT.

9. At the same time and date, Plaintiff Andrew Tucker was traveling northbound on AA Highway near the intersection of AA Highway and Iler Road.

10. Defendant Dawson disregarded a stop sign on Iler Road and unlawfully entered AA Highway without stopping at the stop sign and without yielding to oncoming traffic.

11. Defendant Dawson operated his commercial motor vehicle in a negligent, careless and reckless manner causing a serious collision with multiple vehicles, including the vehicle operated by Plaintiff Tucker.

12. Defendant Dawson violated state and federal statutes and regulations, including but not limited to KRS 189.290, KRS 189.330, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiff Tucker, and constitutes negligence per se pursuant to KRS 446.070 and Kentucky case law.

13. Defendant KBT had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Dawson, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

14. Defendant KBT had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

15. Defendant KBT was negligent, careless and reckless with regard to the duties set forth above, causing serious injuries to Plaintiff Tucker, including a compression fracture in his spine.

16. Defendant KBT violated state and federal statutes and regulations, including but not limited to KRS 189.224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiff Tucker, and constitutes negligence per se pursuant to KRS 446.070 and Kentucky caselaw.

17. As a direct and proximate result of the negligence and/or negligence *per se* of the Defendants KBT and/or Dawson, Plaintiff Tucker was injured about the head, neck, back, legs, ankles, spine and body generally. He was diagnosed with a compression fracture of the spine. Plaintiff's injuries caused great physical pain and mental pain and anguish, and loss of the enjoyment of life and he will continue to suffer such damages in the future, his injuries being permanent in nature; that he is exposed to the increased likelihood of future complications; that he has incurred large sums of money for physicians and medical expenses in treating said injuries; and he will be required to incur large sums of money for physicians and medical expenses in the future, his injuries being permanent in nature; and that he has lost time and wages from his employment; and his ability to earn money in the future has been permanently impaired all as a direct result of the Defendants' negligence.

18. Defendants KBT and/or Dawson acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions as well as exhibiting a reckless disregard for the life, safety and health of others, including Plaintiff Tucker, warranting the imposition of punitive damages pursuant to KRS 411.184 and KRS 411.186. Furthermore, punitive damages are supported by Kentucky's declaration that tractor trailers endanger the lives and safety of the traveling public, including Plaintiff Tucker, pursuant to KRS 189.670 which states:

> It is hereby declared to be the public policy of this state that heavy motor trucks, alone or in combination with other vehicles, increase the cost of highway construction and maintenance, interfere with and limit the use of highways for normal traffic thereon, and endanger the safety and lives of the traveling public, and that the regulations embodied in this chapter with respect to motor trucks, semitrailer trucks and semitrailers are necessary to achieve economy in highway costs, and to permit the highways to be used freely and safely by the traveling public.

WHEREFORE, Plaintiff Andrew Tucker hereby demands as follows:

A) Judgment against Defendants KBT and Terry L. Dawson for Plaintiff Andrew Tucker for a fair & reasonable amount in compensatory damages;

B) Judgment against Defendants KBT and Terry L. Dawson for Plaintiff Andrew Tucker for a fair and reasonable amount in non-apportioned punitive damages;

C) Pre-judgment & Post-judgment interest

D) Court costs and attorneys' fees

E) Any and all other relief to which Plaintiff may be entitled

Respectfully Submitted
/s/ Gregory M. Erpenbeck
Gregory M. Erpenbeck, Esq (94802)
William. J. Kathman, Jr., Esq. (37400)
**Busald Funk Zevely PSC**
226 Main Street
Florence, Kentucky 41042
Phone: (859) 371 – 3600
Fax:    (859) 525 – 1040
Email: gerpenbeck@bfzlaw.com
Email: billkathman@bfzlaw.com
*Trial Counsel for Plaintiff Andrew Tucker*

and

/s/ Matt Sanning, Esq.
Matt Sanning
Sanning & Sanning
224 Main Street
Augusta, Kentucky 41006
mattsanning1@gmail.com
*Co-Counsel for Plaintiff Andrew Tucker*

And

/s/ Gwen Pollard, Esq.
Gwen A. Pollard, Esq.
PO Box 344
Falmouth, KY 41040
gwen.pollard@me.com
*Co-Counsel for Plaintiff Andrew Tucker*